# MILMOE *v.* HOLLY.

---

PATENTS; INTERFERENCE; CLAIMS.

A party to an interference will not be permitted to import limitations into the broad claims of the issue to meet the exigencies of the particular situation. (Following *Leonard* v. *Horton*, 40 App. D. C. 22; *Rotter* v. *Hodgkinson*, 43 App. D. C. 254; and *Kirby* v. *Clements*, 44 App. D. C. 12.)

No. 1105. Patent Appeals. Submitted May 16, 1917. Decided May 26, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon, Mr. J. H. Milans,* and *Mr. Walter M. Fuller* for the appellants.

*Mr. C. H. Duell, Mr. F. P. Warfield, Mr. H. S. Duell, Mr. C. H. Duell, Jr.,* and *Mr. J. W. Anderson* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from concurrent decisions of the Patent Office tribunals in an interference proceeding in which priority of invention was awarded Carlos Holly, whose application was filed eleven months prior to the date of conception alleged in

appellants' application. The claims are six in number, of which we reproduce the 1st, 3d, and 6th:

"1. In a box-making machine, the combination of means to form a duplex strip of foundation and finishing material, means to fold an edge of the finishing material over the edge of the duplex strip, means to fold said strip and join the ends together to form a neck, and means to insert the neck and secure the same in a box."

"3. In combination, a foundation strip supply, a finishing strip supply, means operating to feed the finishing strip and a length of foundation strip into mutual contact, means to press the two strips together to form a duplex strip, means to sever the material connecting successive duplex strips, means to fold the duplex strip and join the ends to form a neck, and means to insert the neck and secure the same within a box."

"6. In an apparatus of the character described, in combination, mechanism adapted to form a box collar comprising a body strip and a cover strip, means adapted to support a box body comprising a flange, and means adapted to cause said collar and flange to telescopically engage each other."

Upon the declaration of the interference, appellants, Michael J. Milmoe and Frank B. Redington, filed a motion for dissolution upon various grounds, and when this motion reached the Commissioner, he directed attention to the fact that under the then practice no interference would have been declared, and therefore granted the motion. His ruling, however, contained a statement to the effect that he would entertain a petition for reinstatement if either party deemed himself injured by the dissolution. Thereupon appellants moved to reinstate. Upon the granting of this motion they again moved that the interference be dissolved upon the ground, among others, that appellee has no right to make the claims.

The Patent Office tribunals have carefully discussed the question involved, and we agree with them that appellants should not be permitted to import limitations into the broad claims of the issue to meet the exigencies of the particular situation. *Kirby* v. *Clements,* 44 App. D. C. 12; *Rolter* v.

*Hodgkinson,* 43 App. D. C. 254; *Leonard* v. *Horton,* 40 App. D. C. 22.

The decision is affirmed.                          *Affirmed.*

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.